**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 2:11-CR-12-JRG-RSP** |
| | § | |
| **MICHAEL WAYNE JOBE** | § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On October 11, 2013 the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Michael Wayne Jobe. The government was represented by Mary Ann Cozby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pled guilty to the offense of Theft of Government Property, a Class C felony. The offense carried a statutory maximum imprisonment term of not more than 10 years. The United States Sentencing Guideline range, based on a total offense level of 8 and a criminal history category of I, was 0 to 6 months. District Judge Rodney Gilstrap sentenced Defendant to 6 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include 1) the payment of any financial penalty that was unpaid a the commencement of the term of supervised release, 2) providing the probation officer with any access to any requested financial information for the purpose of monitoring his ability to obtain and maintain lawful employment, 3) not incurring any new credit charges or opening any additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court had been paid in full, 4) not participating in any form of gambling unless payment of any financial obligation ordered by the Court had been paid in full, 5) under the guidance and direction of the U.S. Probation Office,

participation in a program or psychiatric and mental health service including compliance with any medication requirements as prescribed by the treatment provider, and 6) participation in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office until released from the program by the probation officer. On March 23, 2012, Defendant completed the term of imprisonment and began his term of supervised release.

On August 3, 2012 the initial term of supervised released was revoked and Defendant was sentenced to 9 months imprisonment followed by an additional 18 months of supervised release. The same standard conditions of release were imposed as well as the 6 special conditions provided above, plus a 7th special condition that the defendant reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days. On March 8, 2013 Defendant completed his period of imprisonment and began the 18 month term of supervised release with the same 6 special conditions provided above.

In its petition, the government alleges that Defendant violated his term of supervised release on August 21, 2013 by submitting a urine specimen that tested positive for benzodiazepines (oxazepam), and on September 12, 2013, by submitting a urine specimen that tested positive for methamphetamine. Under the terms of supervised release, Defendant was prohibited, in relevant part, from possession or use of any narcotic or other controlled substance, except as prescribed by a physician.

Additionally, in its petition the government alleges that Defendant violated his term of supervised release on September 3, 2013 when he was unsuccessfully discharged from the community confinement center in Tyler, Texas, after serving a total of 127 days. Under the terms of supervised release, Defendant was required to reside in a residential reentry center or

similar facility, in a community corrections component for a period of 180 days to commence upon release from confinement and observe the rules of that facility.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine,[1] Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession. Upon a finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by his use of methamphetamine or benzodiazepines (oxazepam) Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervised release. U.S.S.G. § 7B1.3(a)(2). In the case of revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home dentition, use of the same or a less restrictive sanction is not recommended. U.S.S.G. § 7B1.3(c)(3). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegations set forth above. The government recommended 10 months imprisonment, followed by an additional term of imprisonment in the Bureau of Prisons of 53 days for the unserved community confinement, with no supervised release to follow.

---

[1] Such an offense is a violation of Texas Health and Safety Code § 481.115.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Michael Jobe be committed to the custody of the Bureau of Prisons for a term of imprisonment of 10 months, plus an additional term of imprisonment of 53 days to run consecutively, with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be the Medical Facility at FCI Ft. Worth, Texas, or if the Medical Facility at FCI Ft. Worth, Texas is unavailable, any other Medical Facility within the Bureau of Prisons.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Rodney Gilstrap for adoption immediately upon issuance.

**So ORDERED and SIGNED this 16th day of October, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE